UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| RAMONA M. BIENFANG,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | 2:26-CV-106 |

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge, under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation. Claimant's claim for Disability Insurance Benefits was denied administratively by Defendant Commissioner following a hearing before an Administrative Law Judge. This action is for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Claimant has filed a Complaint [Doc. 1] and a Brief in Support [Doc. 9], to which the Commissioner has filed a Response [Doc. 10] and Claimant has filed a Reply. [Doc. 11]. For the reasons set forth below, the undersigned **RECOMMENDS** that the relief sought in Claimant's Complaint [Doc. 1] be **GRANTED** and that this matter be **REMANDED**.

## I. APPLICABLE LAW – STANDARD OF REVIEW

A review of the Commissioner's findings is narrow. The Court is limited to determining (1) whether substantial evidence supported the factual findings of the Administrative Law Judge ("ALJ") and (2) whether the Commissioner conformed to the relevant legal standards. 42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *see also Mebane v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 718, 721 (S. D. Ohio 2019). "It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *see also Marks v. Colvin*, 201 F.Supp.3d 870, 874 (S.D. Ohio, 2016). The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). At the same time, the Court may consider any evidence in the record, regardless of whether it was cited by the ALJ. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d. 528, 535 (6th Cir. 2001); *see also Williams v. Kijakazi,* 600 F. Supp. 3d 852, 857 (W.D. Tenn. 2022). A decision supported by substantial evidence must stand, even if the evidence could also support a different decision. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (citing *Blakely*, 581 F.3d at 405); *see also Richardson v. Saul*, 511 F. Supp. 3d 791, 797 (E.D. Ky. 2021). On the other hand, a decision supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007); *see also Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020).

A claimant must suffer from a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing her past job and (2) engaging in "substantial gainful activity" ("SGA") that is available in the regional or national economies. 42 U.S.C. § 423(a). A five-step sequential evaluation applies in disability determinations. 20 C.F.R. § 404.1520. The ALJ's review ends with a dispositive finding at any step. *See Colvin v. Barnhart*,

475 F.3d 727, 730 (6th Cir. 2007); *see also Ward v. Commissioner of Social Security*, 613 F.Supp.3d 1034, 1040 (S.D. Ohio 2020). A full review addresses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Part 404, Subpart P, Appendix 1?

4. Considering the claimant's Residual Functional Capacity ("RFC"), can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work, and also considering the claimant's age, education, past work experience, and RFC, do significant numbers of other jobs exist in the national economy which the claimant can perform?

*See* 20 C.F.R. § 404.1520. A claimant bears the burden of establishing entitlement to benefits by proving the existence of a disability. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *see also Bowermaster v. Comm'r of Soc. Sec.*, 395 F. Supp. 3d 955, 959 (S.D. Ohio 2019). It is the Commissioner's burden to establish a claimant's ability to work at step five. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); *see also Jones v. Berryhill*, 392 F. Supp. 3d 831, 855 (M.D. Tenn. 2019).

## II. PROCEDURAL AND FACTUAL OVERVIEW

Ramona M. Bienfang ("Claimant") filed an application for Social Security Disability on January 31, 2024, alleging a disability onset date of November 4, 2023. (Tr. 188–92). Her claims were denied initially and upon reconsideration. (Tr. 56–73, 81–90). Thereafter, Claimant requested a hearing which was conducted by online video on July 22, 2025, before Administrative Law Judge ("ALJ") Benjamin Burton. Following the hearing, the ALJ issued a decision on August 21, 2025, finding that Claimant was not disabled. (Tr. 12–31). In his decision, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2029.
2. The claimant has not engaged in substantial gainful activity since November 4, 2023, the alleged onset date (20 CFR 404.1571 *et seq.*).
3. The claimant has the following severe impairments: disorders of the skeletal spine, asthma/chronic obstructive pulmonary disease (OCPD), obesity, and disorders of muscle, ligament and fascia (20 CFR 404.1520(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps and stairs; never ladders, ropes, or scaffolds; and, occasional postural activities.
6. The claimant is capable of performing past relevant work as a fast-foods worker and accounts clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
7. The claimant has not been under a disability, as defined in the Social Security Act, from November 4, 2023, through the date of this decision (20 CFR 404.1520(f)).

*See* (Tr. 15–27). Claimant subsequently requested Appeals Council review. (Tr. 185–87). This review was denied. (Tr. 1–6). As a result, the ALJ's decision ("the decision") became the final decision of the Commissioner of Social Security.

On appeal, Claimant asserts that the ALJ erred by failing to make reviewable findings establishing that Claimant's prior employment qualified as past relevant work under 20 C.F.R. § 404.1560(b)(1). [Doc. 9, p. 8]. While Claimant acknowledges that the ALJ properly cited the governing standard, she asserts that "[h]is application of it consisted of a single sentence stating that Plaintiff's prior work as a fast-foods worker and accounts clerk 'was substantial gainful activity, was performed long enough for the claimant to achieve average performance, and was performed within the relevant period'" with citations to Exhibits 8D through 11D, 10E, 12E, and "Testimony." *Id.* She further asserts that the ALJ "did not identify the employer associated with either occupation, the dates the work was performed, the earnings attributable to the relevant period, or the basis on which he determined that the work constituted substantial gainful activity." *Id.* at 9. Claimant argues that, without these findings, the ALJ's conclusion cannot be traced to the

evidence because the record contains multiple employers and conflicting and ambiguous employment and earnings data. *Id.*

For the accounts-clerk occupation, Claimant asserts that the record contains no new-hire report or quarterly wage report identifying when that employment began or ended but only contains a "passing mention of 'Advanced Call Center 2019' and earnings posted for that employer in 2019 and 2020." *Id.* Claimant contends that in absence of the specific dates she worked in this role, the record does not establish that the employment fell within the relevant period, which she defines as August 22, 2020, through August 21, 2025. *Id.* For the fast-foods-worker position, Claimant asserts that the ALJ did not identify which of Claimant's past jobs he classified as past relevant work given that Claimant worked at Greg's Pizza, J E Davis Enterprises, PJ Operations, and BE Hurd. *Id.* 9–10. She suggests that this failure is then compounded by the fact that the ALJ did not identify the dates of employment, perform any earnings calculations, or explain which earnings supported his conclusion that any prior employment qualified as SGA. *Id.* at 10. Claimant argues that, while the ALJ cited exhibits and testimony, the citations are to evidence that is ambiguous and contradictory. *Id.* As an example, Claimant points to her employment with BE Hurd that began on July 31, 2023, and ended on November 4, 2023, noting that the reason she stopped working for this employer was the impairments she has identified as disabling. *Id.* Claimant argues that these facts required the ALJ to consider whether the unsuccessful-work-attempt provisions applied to this particular work, but he failed to do so. *Id.* Claimant concludes by arguing that the ALJ has an obligation to articulate the basis for his administrative findings in the first instance, and the Commissioner may not attempt to meet this obligation for him by attempting to construct the required articulation through post hoc argument. *Id.* (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

In response, the Commissioner argues that substantial evidence supported the ALJ's past relevant work findings. [Doc. 10, p. 2]. The Commissioner asserts that the ALJ properly relied on

Claimant's own reports regarding her work history and the corresponding earnings records, which show that each job qualifies as past relevant work. *Id.* Claimant confirmed that the work history report was an accurate description of her work history. *Id.* at 3. For the accounts-clerk occupation, the Commissioner asserts that Claimant reported she worked at Advanced Call Center Technologies ("Advanced") between April 2019 and September 2020. *Id.* at 4. Since the vocational expert identified the job as unskilled work, Claimant could learn it in 30 days or less. *Id.* The detailed earnings query shows that Claimant made $17,876.79 in 2019 and $18,070.22 in 2020 from this position. *Id.* Therefore, Claimant earned $1,986.31 per month in 2019 and $2,007.80 per month in 2020, which exceeds the presumed SGA thresholds of $1,220 for 2019 and $1,260 for 2020. *Id.*

Similarly, the Commissioner asserts that Claimant earned $5,041 working at McDonald's from September 7, 2021, through December 21, 2021, which equates to $1,400.28 per month—$90.28 above the 2021 threshold. *Id.* at 5. Finally, the Commissioner asserts that Claimant earned $9,858.80 in 2022 and $3,314.50 in 2023 working at Papa John's from May 16, 2022, through February 28, 2023. *Id.* While the 2022 earnings were below the $1,350 per month threshold, the 2023, "pro-rated" earnings equaled $1,657.25 per month and exceeds the $1,470 earnings threshold for 2023. *Id.* at 5–6. In the alternative, the Commissioner also asserts that Claimant's own report shows that she worked at Papa John's 7 hours per day for 5 days a week at $10 per hour, meaning she earned $1,400 monthly. *Id.* The Commissioner argues that this is "sufficient to meet the $1,350 per month threshold for 2022 but not the $1,470 threshold for 2023." *Id.* at 6. The Commissioner further argues that the ALJ's decision is reviewable because he provided sufficient details and citations to evidence. *Id.* at 7. The Commissioner argues that while the "ALJ's findings were terse, and the hearing decision did not directly cite the work history report contained in Exhibit 3E," the Court should still uphold "a decision of less-than-ideal clarity if the agency's path

may reasonably be discerned."[1] *Id.* (quoting *Garland v. Dai*, 593 U.S. 357, 369 (2021)).

In reply, Claimant argues that the Commissioner's attempt to supply "what the decision omits" comes too late. [Doc. 11, p. 1]. Claimant asserts that the Commissioner does not even attempt to argue that her work at Domino's qualifies as past relevant work. *Id.* at 2. Claimant then argues that the Commissioner is selectively choosing data to create his earnings calculations. *Id.* at 3. For example, the Commissioner relies on Claimant's work history report to supply the dates she worked at McDonald's but then ignores the earnings reported on the same form in favor of earnings reported in the detailed earnings query. *Id.* If the Commissioner relied on the work history report in its entirety, Claimant's work there would not have qualified as SGA, which the Commissioner concedes in a footnote. *Id.* (citing Def. Br. at 5 n.2). Claimant argues that while the ALJ could have made that evidentiary decision, he did not do so here because his decision omits which exhibits he credited and fails to reconcile conflicting evidence. *Id.* 3–4. Finally, Claimant argues that the work report stating her Advanced employment ended on September 1, 2020, was an estimate rather than an exact date. *Id.* at 7–8. Further, she points out that the September 1, 2020, ending date only overlaps the relevant period start date of August 22, 2020, by ten days. *Id.* at 7. Finally, she notes that the ALJ did not attempt to corroborate or examine the dates at issue during Claimant's hearing, or to address the Advanced job at all. *Id.* 8. Claimant contends that these omissions combine to render the ALJ's decision unreviewable by the Court, meaning that it must be remanded. *Id.*

---

[1] Although the ALJ did not do so with the clarity which would have been preferable, it appears that he did consider Exhibit 3E. The Court notes that the ALJ specifically stated that he reviewed "claimant's earning records [and] reports of past work…." Exhibits 8D-11D, 10E, and 12E cited to by the ALJ would all appear to fall into the category of Claimant's earnings records. To give meaning to the ALJ's statement that he also considered claimant's reports of past work, the Court finds that the ALJ was referring to Exhibit 3E which is titled "Work History Report." With that said, it would be helpful in the future for the ALJ to cite to all exhibit numbers referenced as opposed to select exhibit numbers to avoid similar confusion. (Tr. 26).

To fully and fairly address the narrow issue raised by Claimant, the Court has reviewed the relevant portions of the record. The Court has also fully considered the parties' filings. Having done so, the Court will now address that evidence and the parties' arguments in the context of applicable law.

## III. LEGAL ANALYSIS

The overarching issue for review is whether the ALJ created a "logical bridge" between the evidence and his findings that Claimant's prior employment qualified as past relevant work under 20 C.F.R. § 404.1560(b)(1). *See Kirkland v. Kijakazi*, No. 3:22-CV-60-DCP, 2023 WL 3205330, at *9 (E.D. Tenn. May 2, 2023). Claimants are advised by applicable regulations that "[p]ast relevant work is work that you have done within the past five years that was substantial gainful activity and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560. "Substantial gainful activity" is "work activity that involves doing significant physical or mental activities" and that is "usually done for pay or profit." 20 C.F.R. § 404.1572.

The question of whether a claimant has engaged in SGA, and if so, what that activity was, comes into play at step four of the process outlined above. While applicable law makes it clear that a claimant bears the burden of proof at this step, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Masanari*, 249 F.3d 840, 844 (9th Cir. 2001). This is, in part, because the failure to make "sufficient findings" creates "difficulty for the reviewing court." *Id.* at 845. With that said, the Court recognizes that "social security adjudicators are subject to only the most minimal of articulation requirements. An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024); *Correa v. Comm'r of Soc. Sec.*, No. 1:23-cv-685, 2023 WL 9064960, at *10 (N.D. Ohio

Dec. 14, 2023) (first citing *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012); then citing *Simons v. Barnart*, 114 F. App'x 727, 733 (6th Cir. 2004)) (holding that an ALJs decision "need not be so comprehensive as to account with meticulous specificity for each finding and limitation, nor is the ALJ required to discuss every piece of evidence in the record." ). Still, ALJs are required to "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review.'" *Id.* at 1054 (quoting *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)); *see Correa*, 2023 WL 9064960, at *10–11 (citing *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011)) (holding that the ALJ must "provide sufficient explanation for the claimant and any reviewing court to 'trace the path of his reasoning'" and explain "with specificity" how the evidence supports his finding.).

For example, in *Heather M. v. Comm'r of Soc. Sec. Admin.*, the court found that remand was necessary, explaining that even though the ALJ cited to evidence supporting a finding that the claimant's mental impairments were nonsevere, he "fail[ed] to build a logical bridge between the cited evidence and his conclusions" which "prevent[ed] the Court from engaging in meaningful judicial review." No. 2:24-CV-00019, 2025 WL 455389, at *10–11 (S.D. Ohio Feb. 11, 2025), *report and recommendation adopted sub nom. Heather M. v. Comm'r of Soc. Sec.*, No. 2:24-CV-19, 2025 WL 622245 (S.D. Ohio Feb. 26, 2025).

While not binding, the Court finds the *Pinto* case of assistance in considering the issue raised by Claimant here. There, the ALJ failed to state whether he was addressing the claimant's work as actually or generally performed in concluding that she could perform past relevant work. *Id.* The court held that "[b]ecause the ALJ made very few findings and relied largely on the conclusions of the vocational expert, it is difficult for this Court to review his decision." *Id.* at

847; *see also Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996) ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review."). While, in arguing that the ALJ's decision should be affirmed, the commissioner presented a new ground for why the ALJ's decision was supported by the record that might have otherwise won the day, the court held that "[a]lthough we can affirm the judgment of a district court on any ground supported by the record, we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto*, 249 F.3d at 847 (first citing *Downs v. Hoyt*, 232 F.3d 1031, 1036 (9th Cir. 2000), then citing *SEC Chenery Corp.*, 332 U.S. 194, 196 (1947)).

As many district courts within this circuit and other circuit courts have observed, "an ALJ needs to provide a logical bridge from the evidence to his conclusion." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024); *see also Ruggles v. Comm'r of Soc. Sec.*, No. 3:22CV2024, 2023 WL 5043965, at *7 (N.D. Ohio July 5, 2023), *report and recommendation adopted sub nom. Ruggles v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-2024, 2024 WL 1210003 (N.D. Ohio Mar. 20, 2024) ("[A] district court cannot uphold an ALJ's decision, even if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."); *Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 879 (N.D. Ohio 2011); *Alexander v. Comm'r of Soc. Sec.*, No. CV 19-12697, 2021 WL 1085265, at *5 (E.D. Mich. Mar. 22, 2021) ("The ALJ made 'a logical

bridge' between the evidence relied on and the conclusions reached."); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) ("The ALJ need not address every single piece of evidence in his decision, but his analysis must build an accurate and logical bridge between the evidence and his findings."); *Heather M. v. Comm'r of Soc. Sec. Admin*, No. 2:24-CV-00019, 2025 WL 455389, at *10 (S.D. Ohio Feb. 11, 2025), *report and recommendation adopted sub nom. Heather M. v. Comm'r of Soc. Sec.*, No. 2:24-CV-19, 2025 WL 622245 (S.D. Ohio Feb. 26, 2025); *Bledsoe v. Comm'r of Soc. Sec.*, No. 3:25-CV-01033, 2026 WL 2113984, at *6 (M.D. Tenn. July 22, 2026); *Birdwell v. Comm'r of Soc. Sec.*, No. 4:25-CV-10-TAV-MJD, 2026 WL 1122218, at *13 (E.D. Tenn. Feb. 18, 2026), *report and recommendation adopted sub nom. Birdwell v. Comm'r of Soc. Sec. Admin.*, No. 4:25-CV-10-TAV-MJD, 2026 WL 878448 (E.D. Tenn. Mar. 30, 2026) ("In addition, the written decision reflects a logical bridge between the evidence and the conclusion that the claimant is not disabled. . . . [T]his Court's review is limited to whether the ALJ relied on evidence that a reasonable mind might accept as adequate to support a conclusion.") (internal quotation omitted).

While the Sixth Circuit itself has not necessarily invoked the "logical bridge" terminology, case law makes it clear that the same level of articulation is required: "In deciding whether the substantial evidence requirement is satisfied, we consider whether the administrative law judge adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record." *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997). In *Anderson v. Comm'r of Soc. Sec.*, 195 F. App'x 366, 370 (6th Cir. 2006), the court dealt with conflicting evidence of whether the claimant's previous work was as a "mechanic" or simply doing "body work." The ALJ, however, "failed to acknowledge this conflict in the evidence or offer any explanation for the conclusion that [the claimant] previously worked as

an 'auto mechanic' rather than an auto body repairman." *Id.* at 371. Therefore, the court concluded that "substantial evidence [was] lacking to support the ALJ's determination that [the claimant] could return to his past relevant work." *Id.* In contrast, in *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010), the court dealt with a situation where there was uncontradicted evidence reflecting that claimant had past relevant work as a cashier. The Social Security Administration's Explanation of Decision and the Vocational Assessment from the Tennessee Department of Human Resources both listed "cashier" as a "past relevant occupation" that was performed "for 3 month(s)." *Id.* The claimant failed to offer any evidence to rebut this conclusion during her appeal to the ALJ for review. *Id.* Given what the majority found to be the uncontradicted evidence of her past relevant work as a cashier, the court affirmed the ALJ. *Id.*;[2] *see also Jones v. Comm'r of Soc. Sec.*, 815 F. App'x 926, 923–33 (6th Cir. 2020) (holding that while the ALJ's excerpt regarding past relevant work may appear vague, the hearing transcript and exhibits referenced in it make clear what work the ALJ was considering, which clearly met the requirements of SGA).

In turning now to the case at hand, the Court finds it helpful to include the ALJ's full discussion of Claimant's past relevant work:

> **6. The claimant is capable of performing past relevant work as a fast-foods worker and accounts clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> A review of the claimant's earning records; reports of past work; the claimant's testimony as to the duration, earnings and/or duties performed while employed; and the expert testimony of the

[2] The concurrence/dissent in *Wright-Hanes* is noteworthy as the dissenter would have remanded because "there is a presumption against finding that a claimant engaged in SGA if the claimant's average monthly earnings from the work falls below a specified amount. . . The few references in the record to [the claimant's] work as a cashier are silent as to how much she may have earned in that position. . . . Given the investigatory nature of the Social Security proceedings and the ALJ's duty to develop the record, an inquiry into [the claimant's] performed past relevant work as a cashier warrants a remand."

> vocational expert with regard to Dictionary of Occupational Titles' (DOT) descriptions, exertional levels, and skill levels establishes that the claimant's past relevant work is as follows:
>
> > 1. Fast-foods worker, DOT 311.472-010, light exertion, unskilled (SVP-2);
> >
> > 2. Accounts clerk, DOT 205.367-014, sedentary exertion, unskilled (SVP-2); and,
> >
> > 3. Home attendant, DOT 354.377-014, medium exertion, semiskilled (SVP-3).
>
> As required by SSR 24-2p, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance, and was performed within the relevant period (see Exs. 8D-11D, 10E and 12E; Testimony). In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform her past relevant work as a fast-foods worker and as an accounts clerk, as actually and generally performed. Additionally, this finding is further supported by the testimony of the (impartial) vocational expert at the hearing, which has been determined to be consistent with the information contained in the DOT and, therefore, appropriate for acceptance under SSR 24-3p. Furthermore, no objections or arguments were raised at or after the hearing about the substance of the impartial vocational expert's testimony or her expertise (see Ex. 12E for a copy of the vocational expert's curriculum vitae).

Tr. 26–27. In other words, the ALJ simply concluded that as to each of the occupations listed, Claimant had engaged in "substantial gainful activity, [which] was performed long enough for the claimant to achieve average performance and was performed within the relevant period" and then cited to Exhibits 8D-11D, 10E, and 12E and the hearing testimony in support.

In many instances, even this barebones treatment of a claimant's work history could meet the ALJ's articulation requirements. For it to do so, the ALJ's citations to the evidence and those other portions of the record addressing a claimant's work history must either be uncontradicted or reconcilable by viewing them in conjunction with the ALJ's decision. Otherwise, the Court cannot perform its required review of the ALJ's determination that Claimant's various employment in fact qualified as past relevant work. Put differently, if the

evidence is not clear, the ALJ has failed to establish the required "logical bridge" or "adequately explain his reasons" for crediting certain evidence and testimony in reaching his conclusions. The record here is not clear enough to support a simple citation to exhibits and testimony.

While the commissioner valiantly attempts to create that logical bridge in his brief, "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto*, 249 F.3d at 847 (first citing *Downs v. Hoyt*, 232 F.3d 1031, 1036 (9th Cir. 2000), then citing *SEC Chenery Corp.*, 332 U.S. 194, 196 (1947)). Perhaps most telling as to why remand is required here, is that Commissioner's counsel himself has presented two alternatives for analyzing which of Claimant's past jobs constituted SGA in support of the ALJ's decision. These alternatives demonstrate the conflict between the detailed earnings query and Claimant's own reported work history, but Commissioner's counsel does not attempt to resolve the ambiguity nor adequately explain why the ALJ was not required to do so. More specifically one of these reports reflects that Claimant had SGA in 2022 but not in 2023, while the other shows just the opposite. The failure of the ALJ to mention or address these ambiguities is particularly problematic because the ALJ did not articulate by employer which of Claimant's prior jobs had constituted SGA, the dates of that employment, or her earnings. Commissioner's counsel argues that the ALJ was entitled to rely upon Claimant's own report regarding her work history because she affirmed that the information in it was correct, and that might well be true. Unfortunately, because the ALJ failed to articulate with specificity what information he found to be accurate regarding Claimant's employment history, the Court cannot determine whether he relied upon all or part of Claimant's own report versus all or part of the information contained within the exhibits he specifically referenced in his decision. Although the Court readily acknowledges that it is often unnecessary for the ALJ to break down in detail how he has

determined which of a claimant's past jobs constituted SGA, it was necessary here for multiple reasons. First, as Claimant's counsel rightly notes, Claimant's work record for the relevant timeframe contains multiple employers, conflicting employment dates, and annual earnings totals without corresponding monthly details.[3]

Second, the Court finds that the ALJ failed to provide sufficient information for the Court to determine whether he properly concluded that Claimant had previous SGA as an accounts-clerk. Claimant points out that the ALJ did not state which of Claimant's past jobs involved that type of work, but at the same time concedes that Claimant's work at Advanced would be the only position that she held which could fall within this category. The real issue is not which position the ALJ found to involve accounts-clerk work but whether Claimant's work at Advanced qualifies as SGA, and if it did, whether Claimant retained the ability to perform it. Given that Claimant apparently only performed this work for ten days within the relevant period, the Court finds that it was incumbent upon the ALJ to articulate as to why he found the work to constitute SGA, as defined by the regulations. Of further note, Claimant reported that she sat for approximately seven hours in this position, and the ALJ opined that she retained the ability to perform the job both as she actually performed it and as it was typically performed. (Tr. 27); Ex. 3E. Seven hours of sitting is more than what is typical for a light work position, but the ALJ did not ask Claimant whether the work she performed would have allowed her to change positions more often. This is a potentially important consideration because the ALJ found that Claimant had the severe impairments of "disorders of the skeletal spine… and disorders of muscle,

[3] Of note, there was another very significant discrepancy identified during Claimant's hearing as to the information regarding Claimant's past employment. When the ALJ asked Claimant if her earnings records correctly reflected that she worked at Buc-ees from July 2013 to January 2023, she testified that it did not and that she had worked there for only four years with her employment there ending in February 2018. (Tr. 38). Given that the ALJ was aware of this very significant discrepancy, it was all the more important for the ALJ to specifically articulate what information regarding Claimant's work history he was relying upon as accurate, which would include stating by employer which of Claimant's prior jobs had constituted SGA, the dates of that employment, and her earnings.

ligament and fascia," among others. In his decision, the ALJ documents that Claimant reported spinal stenosis, sciatica, and tendonitis, and alleged that she experienced pain in her hips, knees, and mid to low back. (Tr. 21). Claimant testified during her hearing before the ALJ that the pain in her lower back becomes unbearable when she sits. (Tr. 45). While Claimant did not raise this specific issue on appeal, given that the Court has found remand necessary, the Court wants to ensure that the issue is addressed on remand, to avoid a potential issue for future appeal.

Despite these observations as to Claimant's work at Advanced, the ALJ may well be able to articulate reasons for concluding both that Claimant's work with Advanced constitutes SGA for the relevant period, particularly given that Claimant had engaged in the work for over a year and the employment only terminated after the relevant period commenced, and that she retains the ability to sit for the time necessary to perform that work. Still, the Court is not permitted to speculate as to why the ALJ might have reached that conclusion where he has failed to "show his work."

Finally, the Court finds that given the number of positions held by Claimant which would fall within the fast-food-worker category, and the fact that not all would qualify as SGA, it was important for the ALJ to identify which he found to qualify as SGA and for what period those jobs were performed. The problem this failure presents is apparent even in the Commissioner's brief where he states that as to Claimant's work at McDonald's it was "likely the one listed as J.E. Davis Enterprises, Inc., in the detailed earnings query." [Doc. 10, p. 5]. Given the conflicting information contained in Claimant's detailed earnings query versus her own Work History Report, it was important for the ALJ to seek any necessary clarification from Claimant and to then provide sufficient articulation in his opinion regarding which of her jobs in the fast-food industry qualified as SGA.

## IV. CONCLUSION

For the reasons stated above, the Court must find that the ALJ's decision is not supported by substantial evidence because the ALJ failed to build a logical bridge between the evidence and his findings when addressing Claimant's past relevant work. Accordingly, the undersigned **RECOMMENDS** that the relief sought in Claimant's Complaint [Doc. 1] be **GRANTED**, and that this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g), in order to allow the ALJ to provide the necessary articulation regarding Claimant's past relevant work, and to address whether Claimant retains the ability to perform that past relevant work.[4]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987). Additionally, failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985).